ORIGINAL

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION



FILED
U.S. DISTRICT COURT

'05 JUL 27 PM 2:48

[signature]
S.D. DIST. OF GA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. CR405-124 |
| | ) | |
| GARY LAMAR WALTHOUR, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Defendant has filed a motion to suppress. Doc. 12. The Government has filed a response in opposition. On July 26, 2005, the Court held a hearing at which time the arguments of the parties were heard. For the reasons that follow, the Court RECOMMENDS that the motion be DENIED.

## I. BACKGROUND

On July 23, 2004, Jay M. Cochran, an investigator with the M.A.C.E. Drug Task force, submitted an affidavit and application for search warrant to a Liberty County magistrate judge. In his affidavit, Cochran stated that

he believed a search of 7439 East Oglethorpe Highway in Midway, Georgia would reveal cocaine, paraphernalia necessary for manufacturing, packaging, and/or distributing cocaine, records of sales, and other evidence relating to the possession and distribution of cocaine. His stated belief was based on his experience as a police officer, his knowledge of the habits and practices of drug traffickers, and the fact that informants had made three controlled purchases of cocaine at that home between April 30, 2004 and July 21, 2004. According to the affidavit, the three controlled purchases were made from defendant. Cochran also stated that defendant lived at that address and described him as "a known cocaine distributor." Aff. at ¶ 4. Cochran further described defendant as weighing approximately 235 pounds.

Finding probable cause to support the issuance of a warrant, on July 23, 2004, the magistrate judge signed a search warrant authorizing the search of defendant's home. Officers conducted a search of the residence on July 30, 2004 and discovered crack cocaine, powder cocaine, marijuana, and other items related to drug manufacture and distribution, including a firearm.

Based on the items discovered as a result of the execution of the search warrant, defendant has been indicted in this district for possession with intent to distribute crack cocaine, manufacture of crack cocaine, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a convicted felon.

On June 8, 2005, he filed the motion to suppress now before the Court. On June 30, 2005, the government filed its response to the motion.

## II.  ANALYSIS

In his motion, defendant argues that the affidavit in support of the search warrant was not sufficient to establish probable cause to search his home. Specifically, defendant attacks a number of factual errors contained in the affidavit. For one, the affidavit describes him as weighing approximately 235 pounds when in fact he weighed approximately 370 pounds at the time of his arrest. The affidavit also recites an incorrect social security number for defendant. Defendant further points out that the affidavit does not mention the fact that at the time in question he wore distinctive dreadlocks in his hair.

The Court does not agree that these misstatements are problematic. The warrant was issued to search defendant's home. Errors or omissions in the description of defendant's physical appearance or errors regarding his social security number do not bear on the likelihood that drugs would be found at his residence.

Defendant also argues that the affidavit does not establish probable cause because only small quantities of crack cocaine were sold on somewhat isolated occasions. Defendant contends that "there is nothing in the affidavit from which one could reasonably conclude that there would be additional crack cocaine on the premises on July 30." The Court disagrees. Three controlled buys were conducted at defendant's home from April 30, 2004 through July 21, 2005. The Court finds this fact sufficient for the issuing magistrate to find probable cause on July 23, 2005 that drugs were present in defendant's home. Moreover, even if defendant were correct that the recent buys did not establish reason to believe that drugs were present at the residence in late July, it would still be likely that officers would find other evidence of drug trafficking, including records of the sales, packaging materials, drug residue, or other evidence of drug trafficking.

Lastly, defendant argues that it is possible that defendant was not the seller of the crack cocaine purchased during the controlled buys. While that is possible, it does not negate probable cause to believe that someone was selling drugs in his house and that drugs, drug paraphernalia, drug residue, or records of drug sales would still be present within.

## III. CONCLUSION

After reviewing the affidavit, the Court finds that there was clearly probable cause to support the issuance of the search warrant. Accordingly, the Court RECOMMENDS that defendant's motion to suppress be DENIED.

**SO REPORTED AND RECOMMENDED** this 29th day of July, 2005.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA